THOMAS, Justice.
The appellee sued the appellant to recover for damage to appellee’s truck claimed to *781 have resulted from the negligent operation of the appellant’s train when it collided with the truck at a crossing.
The jury returned a verdict of $10,000 which was reduced to $5,718.65 when the court denied the motion for new trial upon the condition that a remittitur of $4,281.35 be entered. The exact amount of the recovery eventually allowed will become quite significant in considering appellant’s second question.
' The train drawn by a steam locomotive and consisting of a Diesel locomotive, not in operation, and eleven cars, was proceeding south at a speed of fifty-three miles or more an hour as it approached a street crossing in Hollywood. The truck was being driven in the same direction on a street parallel with the track, was stopped at an intersecting street, then turned at a right angle to the left and stopped again just short of the track. At the time of the second stopping, the train was in full view, but there is evidence that just before then the view was obstructed by a row of telephone poles. Four men who were riding in the rear of the truck saw the train coming, between the two stops, yelled a warning to .the" driver, and as he drove into the path of the train, after the. momentary second stop, jumped out just before the collision occurred.
It is undisputed that the engineer was giving all needful warning signals as he neared the crossing, and that when he was fifty feet away and saw the driver start onto the track, applied the emergency brake and gave a series of blasts with the whistle.
From our study of the record it is obvious that the driver of appellee’s truck was negligent and, therefore, claim for damages rested on the ground that because the train was going fifty-three miles an hour, according to the “speed recorder tape” on the Diesel locomotive, or as fast as seventy miles an hour, according to the estimate of one witness, instead of twenty-five miles an hour, the limit provided by city ordinance, the appellant’s engineer was at fault, too, therefore, the comparative neglience provision'of the statute would apply. Section 768.06, Florida Statutes 1951, and F.S.A.
Taking into account the indifference of the driver to the inherent danger of vieing with a railroad train at a crossing with which the driver was shown to have been thoroughly familiar, it is clear that the ap-pellee was not. entitled to recover for the full amount of the damages he proved. Yet in that he succeeded. The amount to which the verdict was reduced was the exact amount of the damage proved so the negligence of the driver was ignored and recovery was allowed as if the damage had resulted solely from the negligence of the appellant.
In the first of his questions the appellant recites the negligent conduct of the truck driver, his familiarity with the crossing, the issuance of warning signals, and the circumstances attending the collision and asks: “did the fact that the train .was traveling fifty-three miles per hour in a twenty-five mile zone make a jury case?”
The argument in support of this question is an exposition of the theory that had the train been proceeding at the rate of twenty-five miles an hour when the engineer saw the truck driver start to cross the track the collision could not have been avoided. But we think that we cannot decide as a matter of law that such was the inevitable conclusion. The vehicle was struck at the rear left .wheel, according to witnesses the jury were privileged to believe. If that fact is accepted, then the jury could have deduced that the driver of the truck could have cleared the crossing in the additional time that would have been available had the train been traveling only twenty-five miles an hour. We think this was definitely a jury question. We cannot decide that the damage was traceable solely to the driver’s negligence, or in other words, that the damage would have resulted even had the train been proceeding at the legal rate of speed.
The appellant’s second question we answer in his favor. The appellee was not, *782 under the facts the jury accepted, entitled to full recovery but the amount should have been reduced in proportion to the negligence his driver contributed.
The judgment is reversed for a new trial.
MATHEWS, C. J., DREW, J., and Mc-NEILL, Associate Justice, concur.